IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ERIK ESTRADA HAYNES, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 5:12-cv-343 (MTT) (CHW) |
| | : | |
| Warden ROBERT TOOLE, | : | Proceedings under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

### REPORT AND RECOMMENDATION

Erik Estrada Haynes has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because the record shows that Petitioner is not entitled to relief, it is **RECOMMENDED** that the instant petition be **DENIED**.

### BACKGROUND

In December 2008, Petitioner was convicted of felony murder, multiple counts of armed robbery and aggravated assault, and possession of a firearm by a convicted felon. *Haynes v. State*, 287 Ga. 202 (2010). The facts, as summarized by the Georgia Supreme Court, are as follows:

> Defendant and two other individuals were participants in back-to-back robberies and shootings at two separate, but nearby, locations. One of the victims, Lawrence Chambliss, was shot and killed at the second location as he tried to flee. The crimes occurred within minutes of each other and ballistic evidence linked the crime scenes together. Defendant was identified by eyewitnesses as one of the perpetrators at each location. He subsequently contacted one of the eyewitnesses who identified him as a perpetrator in the first robbery and offered her money to

1

say she did not see him. In a statement to police, defendant admitted he was present at each crime scene, but he claimed that another participant carried and fired the weapon. *Id.* at 203.

Following his conviction and the denial of a motion for a new trial, (Doc. 11-3, pp. 143-47; Doc. 11-4, pp. 1-2), Petitioner unsuccessfully appealed to the Georgia Supreme Court,[1] where he raised four issues:

1. Ineffective assistance of counsel in failing to meet with Petitioner prior to trial and in failing to find and present witnesses on Petitioner's behalf;
2. Trial court error in admitting a photograph of the victim with his wife;
3. Insufficient evidence for the jury to convict Petitioner; and
4. Trial court error in admitting Petitioner's custodial statement at trial.

(Doc. 11-2, p. 2)

Petitioner then filed an unsuccessful application for writ of habeas corpus in state court. (Doc. 11-2, pp. 1-5). Petitioner raised the following four issues in his state habeas petition:

1. "Ineffective assistance of trial counsel for failure to move to suppress his custodial statement;"
2. "'Biased jurors' in that the [trial] court allowed people who were friends with the victim to serve as jurors;"
3. Insufficient evidence to support the conviction;
4. Trial court error in admitting Petitioner's custodial statements.

(Doc. 11-2, pp. 3-4)

The state habeas court ruled that Petitioner's ineffective assistance and 'biased juror' arguments were "procedurally defaulted under O.C.G.A. § 9-14-48(d) as Petitioner did not raise

---

[1] *See* Ga. Const. Art. VI, § 6, ¶ III.

2

these issues at the trial court level . . . and in his direct appeal." (*Id.*). O.C.G.A. § 9-14-48(d) provides, in relevant part:

> The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted. In all cases habeas corpus relief shall be granted to avoid a miscarriage of justice.

The state habeas court further found that Petitioner had "failed to establish cause and actual prejudice . . . to overcome [his] default." (Doc. 11-2, p. 4).

Regarding Petitioner's insufficient evidence and "error in admitting" arguments, the state habeas court ruled that these arguments were barred by the doctrine of *res judicata*. (*Id.* pp. 4-5). Accordingly, the court denied Petitioner's state habeas application in November, 2011.

Petitioner then filed a letter, which the state habeas court construed as a Motion for Reconsideration, in January 2012. (Doc. 11-13, pp. 1-2). In his letter, Petitioner argued that the state habeas court had issued a final order of denial prior to the expiration of the period within which Petitioner could have filed a post-hearing brief in support of his habeas application. (*Id.*). The court found that Petitioner could have filed a brief nonetheless, and it denied Petitioner's motion. (*Id.*). The instant application, which was not accompanied by a supporting brief, was filed on August 24, 2012. (Doc. 1, p. 13).

## NEED FOR AN EVIDENTIARY HEARING

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). After a review of the record in this case, and in light Petitioner's claims, no evidentiary hearing is warranted in this case.

## LEGAL STANDARD

In accordance with the provisions of 28 U.S.C. § 2254(d), a federal court is prohibited from granting relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *Williams v. Taylor*, 529 U.S. 362, 402-13 (2000).

A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." *Putman v. Head*, 268 F.3d 1223, 1241

4

(11th Cir.2001). An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." *Id.* "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Id.* Moreover, when a "state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).

## ANALYSIS

Petitioner timely filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In it, Petitioner raises six grounds for relief:

1. **Ineffective Assistance of Counsel**. Petitioner claims that his attorneys failed "to do things as far as objections, motions . . . failed to be loyal to Defendant and using tactics that would have brought out constitutional and procedural errors at a[n] early state;

2. **Biased Jurors**. Petitioner claims that the "jury was biased by jurors Ida Cummings [and] Lucretia Taylor."

3. **Insufficient Evidence**. Petitioner claims that the "evidence was not sufficient to support [a] conviction" because the "State[']s witnesses['] testimony are that Defendant was innocent.

4. **Prosecutorial Misconduct**. Petitioner claims that the "State's attorneys and trial judge denied [Petitioner his] right to a fair trial."

5. **Perjury**. Petitioner claims that "Troy Dewayne Faucks gave perjured testimony," and that "Perjury was committed by James Fuller."

6. **Indictment Error**. Petitioner claims that his "indictment was to be redacted to remove language of charges two [and] fourteen but was denied."

(Doc. 1, pp. 5-13)

Because five of Petitioner's six grounds are procedurally defaulted, and because Petitioner is not entitled to relief on any of the grounds raised in his petition, it is recommended that Petitioner's petition be denied.

## GROUNDS ONE, TWO, FOUR, FIVE AND SIX ARE PROCEDURALLY DEFAULTED

Federal courts may not consider an application for writ of habeas corpus on behalf of a person in state custody unless the petitioner has first exhausted his remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, a petitioner must "fairly presen[t] claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995). When the record makes it clear that an unexhausted claim would be barred by a procedural default under state law, though, courts may "treat those claims now barred by state law as no basis for federal habeas relief." *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1988).

The record in this case shows that Petitioner did not raise grounds four, five and six before state courts, so those claims are now barred by O.C.G.A. § 9-14-51, which provides:

> All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

6

Similarly, although Petitioner previously raised ineffective assistance of counsel claims, his current ineffective assistance claim—ground one—is distinct, was not raised below, and is therefore procedurally barred by O.G.C.A. § 9-14-51. *See, e.g., Hunt v. Commissioner, Alabama Dept. of Corrections*, 666 F.3d 708, 730-31 (11th Cir. 2012) (holding that "[t]o satisfy the exhaustion requirement, petitioners must present their claims to the state courts such that the reasonable reader would understand each claim's particular legal basis and specific factual foundation"); *see also Baldwin v. Johnson*, 152 F.3d 1304, 1311 (11th Cir. 1998) ("A habeas corpus petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously").

Finally, although Petitioner appears to have raised his juror-bias argument before the state habeas court,[2] that court "clearly and expressly" held that O.C.G.A. § 9-14-48(d) barred Petitioner's claim. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 729-35 (1991). Even if the juror-bias argument Petitioner currently seeks to raise is distinct, though, Petitioner's claim would be barred by O.G.C.A. § 9-14-51 because he failed to raise it before the state courts.

Where, as here, procedural default would bar litigation of a constitutional claim in a state court, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice, *Engle v. Isaac*, 456 U.S. 107, 129 (1982), or a showing that a fundamental miscarriage of justice would occur if the federal court did not consider the claim. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Petitioner has failed to allege or establish cause and prejudice for his default, and he has also failed to show that a fundamental miscarriage of justice would result if his claims are not addressed on its merits. Accordingly, Petitioner has not demonstrated that he is entitled to relief on grounds one, two, four, five and six.

---

[2] Lucretia Taylor and Ida Cummings were among the "biased jurors" named in Petitioner's state habeas petition. (Doc. 11-3, p. 9).

### GROUND THREE

In ground three, Petitioner argues that the evidence against him was not sufficient to support a conviction. Petitioner previously and unsuccessfully raised a sufficiency-of-the-evidence claim before the Georgia Supreme Court. *See Haynes v. State*, 287 Ga. 202 (2010). Citing *Jackson v. Virginia*, 443 U.S. 307 (1979), the Georgia Supreme Court held that "[t]he evidence was sufficient to enable a rational trier of fact to find [Petitioner] guilty beyond a reasonable doubt." *Id.* at 203. The Court noted, and the record reflects, that (1) multiple eyewitnesses identified Petitioner, (Doc. 11-4, pp. 136, 171; Doc. 11-5, p. 7; Doc. 11-6, p. 72); and that (2) Petitioner admitted that he was present at each crime scene. (Doc. 11-10, pp. 6-9). There is nothing in the record to indicate, as Petitioner contends, that the prosecution's witnesses believed Petitioner was innocent. Accordingly, and in light of the deferential standard of review, Petitioner is not entitled to relief on ground three. *See Eckman v. Williams*, 151 Fed. Appx. 746, 748 (11th Cir. 2005) (holding that there is no exception from Section 2254's deferential standard of review for *Jackson v. Virginia* claims).

### CONCLUSION

Because Petitioner is not entitled to relief under § 2254, it is **RECOMMENDED** that his petition be **DENIED**. Additionally, it is **RECOMMENDED** that Petitioner's Motion Seeking Ruling (Doc. 24) and Motion of Notification be **DISMISSED as MOOT**.

Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this Rule 11 showing). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Finally, pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 4th day of February, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
