IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ERIK ESTRADA HAYNES, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-343 (MTT) |
| Warden ROBERT TOOLE, | ) |
| Respondent. | ) |

# ORDER

This Section 2254 case is on remand from the United States Court of Appeals for the Eleventh Circuit, for consideration of Petitioner's Motion for Extension of Time to file his notice of appeal. (Doc. 37).

This Court denied Petitioner Erik Estrada Haynes' Section 2254 petition on March 6, 2014. (Doc. 35). In that same Order, the Court also denied Petitioner a certificate of appealability. (Doc. 35). Judgment was entered upon the Court's Order on March 7, 2014. (Doc. 36).

On June 9, the Court received from Petitioner a "Motion for Extension of Time," (Doc. 37), and a "Notice of Appeal." (Doc. 38). The Motion for Extension of Time was construed as a motion pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure and was denied on July 15, 2014. (Doc. 43).

In its Order remanding the case, the Court of Appeals has directed this Court to determine whether Petitioner merits an extension of the appeal period under Rule 4(a)(6). That rule allows district courts to reopen the time to file an appeal, but "only if . .

. the Court finds that the moving party did not receive notice . . . of the entry of the judgment or order sought to be appealed." Fed.R.App.P. 4(a)(6).

Petitioner's Motion for Extension does not explicitly allege that Petitioner did not receive notice of the entry of judgment in the case, but instead states that Petitioner "was given the required U.S. Court of Appeals forms thirty plus days after it was post dated." (Doc. 37). Petitioner further states that "the documents were held over and the prison . . . does not carry forms that were needed." *Id.* The Court interpreted these statements as a claim that Petitioner did not have access to a form for use in preparing his notice of appeal.[1]

As the Court of Appeals has observed, however, Petitioner's references to "forms" or "documents" that were "held over" could be liberally construed as references to his receipt of the judgment itself. As such, his Motion for Extension could be construed as a motion under Rule 4(a)(6).

The Court will require further information to determine whether Petitioner is entitled to relief under Rule 4(a)(6). Therefore, it is hereby **ORDERED** that both parties supplement the record, within 21 days of the date of this Order, with affidavits and other supporting documents clarifying the date upon which Petitioner received notice of both the Court's Order denying his petition (Doc. 35) and the Judgment upon that Order (Doc. 36).

**SO ORDERED**, this 15th day of September, 2014.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT

---

[1] Petitioner's Notice of Appeal was prepared using a printed form that appears to have been taken from a legal treatise. *See* Doc. 38.