IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ERIK ESTRADA HAYNES, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-343 (MTT) |
| Warden ROBERT TOOLE, | ) |
| Respondent. | ) |

### ORDER

This case is on remand from the United States Court of Appeals for the Eleventh Circuit for consideration of Petitioner's motion for extension of time to file his notice of appeal. (Doc. 37). The Court of Appeals remanded the case "for the limited purpose of determining whether [Petitioner] merits an extension of the appeal period under Rule 4(a)(6)." (Doc. 44 at 1-2). Rule 4(a)(6) allows district courts to reopen the time to file an appeal if the moving party did not receive notice of the entry of judgment or order sought to be appealed. The Court therefore entered an order directing the parties to supplement the record with affidavits and other supporting documents to show when Petitioner received notice of the judgment in this case. (Doc. 45).

In response to the Court's order, Respondent has submitted legal mail logs maintained by Smith State Prison, where Petitioner is currently incarcerated and was incarcerated at the time judgment was entered. These logs show that Petitioner signed for and received correspondence from the Clerk of this Court on March 11, 2014, on

April 1, 2014, and on June 12, 2014. (Doc. 47-1). Although the Respondent cannot provide information concerning the substance of what Petitioner signed for on March 11, 2014, a Tuesday, the facts suggest that Petitioner received notice of both the Court's Order denying his petition and the judgment upon that Order. (Doc. 46 at 3). On March 6, 2014, the Court denied Petitioner's Section 2254 petition, and on March 7, 2014, a Friday, judgment was entered upon the Court's Order. (Docs. 35; 36). The correspondence received by Petitioner on March 11, then, was likely the entry of judgment and the Order of dismissal, which were likely mailed by the Clerk's office on Friday, March 7, 2014. (Docs. 35; 36).[1]

The mail records submitted by Respondent suggest Petitioner received timely notice of the judgment, within four days of its entry. Petitioner has not responded to the Court's order directing him to supplement the record, and the Petitioner has never affirmatively stated he did not receive notice of the judgment. Accordingly, Petitioner does not merit an extension of the appeal period under Rule 4(a)(6). *See* Fed. R. App. P. 4(a)(6) ("The district court may reopen the time to file an appeal … but only if … the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry …").

---

[1] The date June 12, 2014, a Thursday, corresponds with the date the Clerk mailed Petitioner an application to proceed *in forma pauperis* on appeal, Monday, June 9, 2014. The date April 1, 2014, a Tuesday, corresponds with Wednesday, March 26, 2014, the date judgment was entered in a separate case under 42 U.S.C. § 1983. *See Haynes v. Owens*, Case No. 5:13-cv-339 (MTT), Doc. 22.

## **CONCLUSION**

Because the Court finds Petitioner timely received notice of the judgment in this case,[2] his motion for extension (Doc. 37) is **DENIED**.

**SO ORDERED**, this 24th day of October, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Moreover, as the Court explained in its original Order denying Petitioner's motion for extension, the motion was filed outside the period for filing a timely notice of appeal or the 30-day extension period authorized in Rule 4(a)(5). (Doc. 43).